UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:19-CV-317 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| DEVON AARON CERVIN, | |
| Defendant(s). | |

Presently before the court is Devin Cervin's motion for temporary release to visit his father in the hospital. (ECF No. 43). The government has not responded, and the time do so has passed.

Also before the court is Cervin's motion to file an exhibit containing his father's medical records under seal. (ECF No. 44).

On May 28, 2021, Cervin pled guilty to two counts of a five-count indictment for conspiracy to distribute a controlled substance and money laundering. (ECF No. 36). A sentencing date for Cervin is set for Friday, October 29, 2021. (ECF No. 40).

On September 8, 2021, Cervin's father was admitted to the hospital and was recently transferred to a rehabilitative care facility after suffering a stroke. (ECF Nos. 45 and 43).

Cervin moves for this court to allow a one-day temporary release to visit his father prior to his sentencing pursuant to 18 U.S.C. § 3142(i), which states:
> [a] judicial officer may . . . permit the temporary release of [a previously detained] person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

His stepmother, Joann Cervin would serve as his third-party custodian. (ECF No. 43 at 2).

**James C. Mahan**
**U.S. District Judge**

Cervin was originally detained pending trial because he did not proffer enough facts to rebut the presumption under 18 U.S.C. § 3142(e)(3) that he would not be a flight risk or pose a substantial danger to the community.  Cervin has not proffered any additional facts or reasoning that overcome this presumption, even for a one-day temporary release.

The provided medical records for Cervin's father do not indicate that he is on his deathbed or support Cervin's theory that this "may be the last time" he would be able to see his father.  (ECF Nos. 45 and 43).  While there may be a compassionate reason for granting this temporary release, there does not appear to be a "compelling" reason as required by the statute.  18 U.S.C. § 3142(i).

The court does find good cause to grant Cervin's motion to file his father's medical records under seal because they contain private medical information.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Cervin's motion for temporary release to visit his father (ECF No. 43) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Cervin's motion to file his exhibit under seal (ECF No. 44) be, and the same hereby is, GRANTED.

DATED October 22, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**